IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HAWKINS,                Petitioner, | )<br>)<br>) |
| vs. | ) Civil Action No. 11-1217<br>) |
| TABB BICKEL;  and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,                Respondent. | ) Judge Nora Barry Fischer/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) |

**<u>ORDER</u>**

Robert Hawkins ("Petitioner") has filed a "Motion for Service of Documents" (the "Motion"). ECF No. 13. In the Motion, Petitioner complains that 1) the Answer which the Respondents served on Petitioner was missing page 23; and 2) the "Answer was not accompanied by trial transcripts." ECF No. 13 at 1, ¶ 1.

This Court is enclosing page 23 of the Answer along with this Order. Hence, Petitioner's request to have the Respondents ordered to do so is now moot.

As for the transcripts, nothing Petitioner cites in his Motion requires the Respondents to provide him with all "the transcripts in his state court case." ECF No. 13 at 2, ¶ 3. Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, insofar as concerns transcripts, only provides that the "respondent must attach to the answer parts of the transcript that the respondent considers relevant." To the extent that the Respondents did not attach any

transcripts to the Answer, we can only presume that the Respondents did not consider any of the transcripts relevant to the three issues Petitioner raised in his Habeas Petition.[1]

Nevertheless, in the first issue raised in the Habeas Petition, Petitioner does raise the sufficiency of the evidence to find that there were two perpetrators of the crimes. Petitioner's contention that the evidence was insufficient rests on the following facts.  The victim of the crime was a citizen of India who spoke Hindi.  At the hospital, where the victim was immediately taken after the attack, a Pakistani physician, named Medhi Rehmetullah, who spoke Hindi, translated for the victim.  When the victim was asked how many attackers there were, she stated two according to Dr. Rehmetullah.   The Pakistani doctor's testimony as to what the victim stated regarding the number of perpetrators being two was admitted at the trial.  However, the victim testified at trial that there was one perpetrator.  Petitioner insists that the evidence from Dr. Rehmetullah is insufficient to establish that there were two perpetrators, namely he and his step-father.  Petitioner contends that that there was only one perpetrator and that was his step-father.  The state courts rejected Petitioner's contention.

Because this Court deems the only relevant portion of the transcripts to be the testimony

---

[1] The three issues Petitioner raises are as follows:
        Whether the evidence presented at trial was insufficient to prove that the crimes were committed by two actors, and therefore insufficient to prove [Hawkins] guilty of kidnapping, unlawful restraint, and simple assault?
[ECF No. 14 at 9]
        Whether the verdict was against the weight of the evidence?
[ECF No. 14 at 11]
        Whether the trial court erred as a matter of  law, and therefore abused its discretion in ruling the hearsay testimony of Dr. Rehmetullah admissible, as either for the purposes of medical treatment and/or as an excited utterance?

See ECF No. 4 at 2.

of Dr. Remetullah[2] and because the Respondents have caused the original state court record, including the transcript of Petitioner's trial to be delivered to the Clerk's Office, for the sake of convenience, the Court is sending to Petitioner, a copy of the portion of the transcripts, containing the testimony of Dr. Rehmetullah, along with this order.

In light of the foregoing, the Court hereby DENIES as moot, Petitioner's Motion to have this Court direct the Respondents to: 1) provide him with a copy of page 23 of the Answer and; 2) to provide him with transcripts of Dr. Rehmetullah's testimony.  To the extent that Petitioner sought to have this Court order the Respondents to provide him any other portions of the transcripts, the Motion is DENIED as not being required by the Rules and based upon Petitioner's failure to show the relevance or need for any such transcripts.  Beauclair v. Goddard, No. 10–3128, 2012 WL 763103, at *1 (D.Kan. March 6, 2012) (petitioner "has not demonstrated any specific need for copies of the state court record in part or in whole").

Petitioner is ORDERED to file his Traverse, if he so choses to file one, no later than October 1, 2012.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

August 23, 2012                                                       s/Maureen P. Kelly
                                                                                  MAUREEN P. KELLY
                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner only raises three issues herein.  The only two claims that are cognizable implicate the testimony of Dr. Rehmetullah.  See, e.g., Paolicelli v. Rozum, No. Civ.A. 10-1578, 2012 WL 2922754, at *4 n.3 (W.D. Pa. July 17, 2012) ("a claim that the verdict is against the weight of the evidence is purely a state law claim and, as such, solely within the cognizance of the state courts").

cc:
    Nora Barry Fischer
    United States District Judge

    Robert Hawkins
    GU-9603
    SCI Huntingdon
    1100 Pike Street
    Huntingdon, PA 16654-1112